**HORNE v. UNITED STATES.**

No. 13484.

United States Court of Appeals
Fifth Circuit.

Oct. 31, 1951.

Rehearing Denied Nov. 30, 1951.

1. Cf. Williams v. United States, 8 Cir., 177 F.2d 97.

W. A. Bootle, Macon, Ga., W. D. Aultman, Byron, Ga., for appellant.

T. Reese Watkins, Asst. U. S. Atty., John P. Cowart, U. S. Atty., Macon, Ga., for appellee.

Before SIBLEY, RUSSELL and RIVES, Circuit Judges.

PER CURIAM.

Tried upon an indictment charging him, and two others, with four violations of the Internal Revenue Laws,[1] the jury found appellant Horne "guilty on Count 3" and made no express finding as to any of the other counts. His motion for a new trial was overruled, sentence was imposed on Count 3, and the present appeal followed.

The testimony on behalf of the Government and the circumstances which could properly be inferred therefrom were sufficient to present a fact question of the defendant's guilt for determination by the jury upon consideration of all the evidence, including the defendant's explanation of admitted presence and flight, and his testimony of the absence of any appreciable participation in the illegal operation of the distillery. The Court therefore did not err in refusing to direct an acquittal as a matter of law and the verdict of guilty, evidencing the jury's acceptance of the theory of guilt, is not without evidence to support it.

That the verdict of guilty upon the third count was returned, and no similar finding made as to the first two counts, does not establish its inconsistency nor render it legally insufficient to support the sentence imposed. The verdict is consistent with, and supported by, the evidence. This is the test of legal consistency.[2]

We have considered the remaining assignments of error, and find them without merit.

No reversible error is made to appear, and the judgment of the trial court is

Affirmed.

1. (1) Possession, custody and control of a still set up without registration, 26 U.S.C.A. § 2810; (2) Carrying on the business of distillers of spirituous liquors without having given bond, 26 U.S.C.A. § 2833; (3) Engaging in and carrying on the business of distillers of spirituous liquors with intent to defraud the United States of taxes, 26 U.S.C.A. § 2833; (4) Working in a distillery which did not bear the required sign. 26 U.S.C.A. § 2831.

2. Mogoll v. United States, 5 Cir., 158 F. 2d 792, certiorari denied, Perniciaro v. United States, 331 U.S. 806, 67 S.Ct. 1189, 91 L.Ed. 1827, rehearing denied, Perniciaro v. United States, 331 U.S. 865, 67 S.Ct. 1315, 91 L.Ed. 1870.