Harding L. CACY, Daniel W. Campbell, Bart Grant and Sherwin J. Shoen, Appellants,

v.

UNITED STATES of America, Appellee.

No. 17075.

United States Court of Appeals Ninth Circuit.

Nov. 6, 1961.

Rehearing Denied Dec. 18, 1961.

Kenneth A. Poole, Eugene, Or., for appellant.

Sidney I. Lezak, Acting U. S. Atty., Robert C. Snashall, Sp. Asst. to U. S. Atty., Portland, Or., for appellee.

Before MERRILL and KOELSCH, Circuit Judges, and BEEKS, District Judge.

MERRILL, Circuit Judge.

Appellants together with five other persons were jointly indicted in an indictment charging nine counts of violation of the Mail Fraud Statute [1] and one

---

1. 18 U.S.C. § 1341. Frauds and Swindles. "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property

count of conspiracy to commit the crime of mail fraud.[2]

The nine substantive counts all related to an over-all scheme to defraud, but each dealt with a separate and specific act of mailing in connection with that scheme. These appellants, although jointly charged upon all counts, were each found guilty upon one substantive count and upon one only and each appellant upon a separate count. None was found guilty of conspiracy.

■ The principal question presented by this appeal is whether the jury verdict demonstrates misjoinder of parties defendant by determining that each appellant was independently guilty of a separate offense with which the others were not connected. Such is the contention of the appellants.

The scheme, characterized by the government as "the old and familiar franchise racket," was basically to sell and resell franchises to distribute various products, many of them identical but using different names. By fraudulent misrepresentation and concealment of material facts, persons were induced into paying from $600 to $1,200 for supposedly exclusive distributorship of these various products. The operation of the scheme generally revolved around two principal enterprises, Metro Laboratories and Continental Laboratories, both of Portland, Oregon. There can be no question but that the evidence serves to connect each of the appellants with at least one of these enterprises.[3] Further, there was evidence from which the jury could have found collaboration between Metro and Continental and that all appellants were jointly engaged in pursuing the over-all scheme.

Appellants contend, however, that while one of the questions for the jury was whether these concerns and these appellants were collaborating, the jury verdict has established the fact to be that they were not collaborating but were instead competing. They emphasize that they have been found not guilty of conspiracy. They point out that on count one Appellant Shoen was found guilty and all others not guilty; on count four Appellant Cacy guilty and all others not guilty; on count six Appellant Grant guilty and all others not guilty; on count seven Appellant Campbell guilty and all others not guilty.

■ The jury verdict cannot be so narrowly construed, however. Each count in identical language detailed the general fraudulent scheme. Without a finding that such a scheme existed there could have been no finding of guilt on any substantive count. The verdict in this respect was, it is true, inconsistent, but inconsistency is no reason for denying the verdict any effectiveness. As was pointed out by Justice Holmes in Dunn vs. United States, 1932, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, an incon-

by means of false or fraudulent pretenses, representations, or promises, * * * for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Post Office Department, * * * or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

2. Of the nonappealing defendants, two were upon their motion acquitted by the court; one was found not guilty on all counts by the jury; one was found guilty upon one substantive count but has not appealed; the fifth was found guilty upon the conspiracy count, the only count upon which he was charged and his verdict was set aside by the court.

3. Appellant Grant contends that there is no evidence to connect him with either enterprise during the period of time with which the indictment is concerned. At that time he was engaged in the same form of deception through his own company. Both before and after this period of time, however, he was employed by Continental and there was evidence from which the jury could have found or inferred collaboration during the period in question.

sistent jury verdict is not grounds for reversal in a criminal case. As was said in United States vs. Maybury, 2 Cir., 1960, 274 F.2d 899, 902:

"The vogue for repetitious multiple count indictments may well produce an increase in seemingly inconsistent jury verdicts, where in fact the jury is using its power to prevent the punishment from getting too far out of line with the crime."

It is, of course, improper if two or more distinct and separate offenses involving different defendants are tried together. Rule 14, Federal Rules of Criminal Procedure, 18 U.S.C., provides relief against misjoinder.[4]

Our case is not one in which misjoinder appears from the face of the indictment or in which a motion might have been made prior to trial. If misjoinder is to be avoided under these circumstances, it must be through new trial. But if new trial is to be granted it would seem that it should be upon the basis that the case never should have been tried in this fashion. Misjoinder, then, should appear as a matter of law from the case made by the United States. The authorities on which the appellants rely in this respect all deal with situations where there was no sufficient evidence to support a jury finding of joint action and the cases never should have gone to the jury on such a theory.

■ Such is not the case here. The proper rule would seem to be that when there is evidence from which a jury may find a connection, joint activity and conspiracy, the failure of the jury to convict in such fashion will not retroactively establish misjoinder. The United States should not be required to elect at its peril in an area where the result must depend upon the manner in which the jury resolves disputed facts or chooses among available inferences.

We conclude that there was no misjoinder.

Appellants have assigned error in three other respects:

First. Under the specifications of the indictment an element of the fraudulent scheme with which they were charged is that they "intended to and did conceal from said purchasers and prospective purchasers material facts." A number of things which were not told to the purchasers are then set forth. Appellants assert that such nondisclosure of facts amounts only to constructive fraud and that conviction under the mail fraud statute requires proof of actual or active fraud.

■ Appellants are in error. Deceitful concealment of material facts is not constructive fraud but actual fraud.

■ Second. Each appellant contends that the evidence was insufficient to connect him with the document alleged to have been mailed by him.

The substantive counts upon which these appellants were convicted each related to a specific mailing. On each count the jury found guilty that appellant whose name was signed to the writing which had been mailed. Appellants' complaint here is that there was no proof of the authenticity of these signatures. They revert again to their principal contention: that by the jury's verdict it is apparent that it was treating each count as an independent offense and that the proof therefore must be sufficient to connect the particular defendant with that particular mailing.

As we have already noted, this places too narrow a construction upon the jury's verdict and reads too much significance into its apparent inconsistencies. Under the circumstances of this case proof of authenticity was not essential. The criminal act was not the signing of the document; rather it was causing the

---

4. "If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

writing to have been mailed in furtherance of the fraudulent scheme. No defendant raised any question as to the authenticity of any signature and no issue was presented in this area.

In the light of the evidence as to participation of each defendant in the fraudulent scheme, there is, in our judgment, support for the jury's determination that each had caused the specific writing attributed to him to be dispatched by mail.

█ Finally, appellants contend that the mailings specified by the indictment were not in furtherance of the fraudulent scheme charged, since in each case these mailings followed the receipt by appellants of the purchase price of the franchise.

But the scheme described in the several counts of the indictment was not limited to obtaining the purchase price from any particular purchaser. The scheme demanded continuity. The writings here involved were dispatched for the purpose of reassuring those from whom money had been obtained in order that the scheme could successfully be pursued as to others. We conclude that the writings were in furtherance of the fraudulent scheme as charged.

Affirmed.