**UNITED STATES of America,**
**Plaintiff,**

v.

**David Sidney MILLER et al., Defendants.**

**Crim. No. 14413.**

United States District Court
S. D. Texas,
Houston Division.

Nov. 19, 1962.

Woodrow Seals, U. S. Atty., and Morton L. Susman, Asst. U. S. Atty., Houston, Texas, for plaintiff.

Dixie & Schulman (Chris Dixie), Houston, Tex., for defendants.

INGRAHAM, District Judge.

This case grows out of a nineteen-count indictment charging violations of the mail fraud statute, 18 U.S.C.A. § 1341. The defendants have now made three motions: (1) for a Bill of Particulars; (2) To Dismiss the Indictment or to Strike Clauses or Counts; (3) To Require the Government to Designate Collateral Transactions. For the reasons set out below all three motions will be denied.

The essence of the scheme as alleged is eight misrepresentations, set out in the first paragraph of Count One, and the nondisclosure of three material facts, set out in paragraph 2 of Count

Seven. The motion for bill of particulars asks that the government reveal (a) whether each misrepresentation was oral or written; (b) who made each misrepresentation and/or nondisclosure and to whom. The defendants claim, on the basis of an affidavit by Warren J. Adams, Director of the Texas School of Practical Nursing, that the school's business is so substantial and its records so voluminous that they will not be able to prepare their defense without the requested information. In passing on a request for a bill of particulars the court must balance the needs of the defendant against the government's right not to disclose its witnesses, evidence or legal theories.[1] In striking the appropriate balance in the case at bar the following factors are important: the indictment is full and complete and there is no question as to the nature of the offense charged; it sets out all the misrepresentations and nondisclosures on which the government relies; it gives the names of nine of the school's former students to whom the misrepresentations and/or nondisclosures were made, which should assist the defendants in segregating the information in their files pertinent to their defense; the information requested is or should be in the possession of the defendants.[2] In light of all these factors this court does not feel that it would be a proper exercise of its discretion to allow the motion for bill of particulars.[3] The foregoing discussion also supplies the reasons for the denial of the motion for designation of collateral transactions.

 As to the motion to dismiss or strike, the cases show (a) that the fact that the government's position can only be sustained by expert testimony is not a fatal defect,[4] and (b) that nondisclosure cannot as a matter of law be said to fall outside the scope of mail fraud.[5]

The clerk will notify counsel to draft and submit orders accordingly.

---

1. See, e. g., United States v. Casserino, D.C., 189 F.Supp. 288; Johnson v. United States, 5 Cir., 207 F.2d 314.

2. Himmelfarb v. United States, 9 Cir., 175 F.2d 924; 4 Barron & Holtzoff, Federal Practice and Procedure, Sec. 1917.

3. The defendant relies principally on United States v. Greve, D.C., 12 F.Supp. 372, but in that case the request did not have the effect of forcing the gov-

ernment to reveal its witnesses or theory. In other complicated cases bills of particulars have been refused. See United States v. Ford Motor Co., D.C., 24 F.R.D. 65.

4. Reilly v. Pinkus, 338 U.S. 269, 70 S.Ct. 110, 94 L.Ed. 63.

5. Cacy v. United States, 9 Cir., 298 F.2d 227.