**UNITED STATES of America,**
Plaintiff-Appellee,

v.

**Wallace Eugene McGEE, Defendant-Appellant.**

**No. 14991.**

United States Court of Appeals Sixth Circuit.

April 8, 1963.

Dale Quillen, Nashville, Tennessee (Ronald Curtis, of counsel), for appellant.

Joseph L. Lackey, Jr., Asst. U. S. Atty., Nashville, Tenn. (Kenneth Harwell, U. S. Atty., Nashville, Tenn., on the brief), for appellee.

Before CECIL, Chief Judge, MILLER, Circuit Judge and THORNTON, District Judge.

PER CURIAM.

Wallace Eugene McGee, defendant-appellant, was convicted in the United States District Court for the Middle District of Tennessee, on the second count of a three-count indictment. The first count charged the possession of a still and distilling apparatus for the distillation of spiritous liquors without having them registered as required by law, in violation of sections 5179 and 5601(a) (1) of Title 26 U.S.C. The second count charged that the defendant carried on the business of a distiller of spiritous liquors without having given a bond as required by law, in violation of sections 5173 and 5601(a) (4) of Title 26 U.S.C. The third count charged that the defendant made or fermented mash fit for distillation or for production of distilled spirits at a place other than the premises designated according to law, in violation of sections 5222 and 5601(a) (7) of Title 26 U.S.C.

The first count of the indictment was dismissed at the beginning of the trial on request of the government. The defendant was tried before a jury on the second and third counts of the indictment. The jury returned a verdict of guilty on the second count and not guilty on the third count.

On July 27, 1961, officers of the Alcohol and Tobacco Tax Division found two still pots and all other parts of an operating distillery, except a condenser, at a site about forty steps from what appeared to be an abandoned dwelling near a public road known as McGee Branch Road in Hickman County, Tennessee. The still pots were located in a drain, gully or ditch, about five feet deep. One of them had a capacity of one thousand gallons and the other one had a capacity of five hundred gallons. The five-hundred gallon pot was filled with mash fit for distillation of liquor. The other one was empty. There were five one-hundred pound bags of Henderson sugar on the ground near the stills.

After locating the stills and equipment, the officers kept the site under observation. At about 9:20 a. m., the defendant came on the scene in a 1952 one-half

ton Dodge pickup truck. The truck driven by a small boy left the graveled portion of the highway, drove through the yard about forty yards past the house and stopped within about six or seven feet opposite the stills. The defendant got out of the truck on the side of the stills and proceeded toward the house with a basket of groceries. There were three one-hundred pound bags of Henderson sugar on the truck, which were identical with those on the ground by the side of the stills. The boy got out of the truck and began cutting weeds around the stills with a scythe.

The officers arrested the defendant. On being questioned, he said that the boy had nothing to do with the stills, never operated them, and that he had not come up there on this occasion to operate them. He said further that he paid $12.50 per hundred for sugar, that the price was above market, and that apparently the man who sold it to him thought it was going into illegal channels and charged him more for it.

The question presented by this appeal is whether the evidence is sufficient to sustain a conviction for carrying on the business of a distiller without giving bond as required by law.

■ Section 5002(a) (5) of Title 26 U.S.C. defines the term "distiller." The trial judge read subdivisions (B) and (D) of that section to the jury. (B) defines a distiller as a person "who brews or makes mash, wort, or wash, fit for distillation or for the production of distilled spirits (except * * *)." (Exceptions not applicable.) (D) defines the term as one "who, making or keeping mash, wort, or wash, has also in his possession or use a still." As the trial judge said: "This definition, (D) does not require that the still be 'set up' so as to require registration under Section 5179, nor does it require that the defendant make mash or bring it to the point of being fit for distillation." [1] The trial judge was correct in holding that it was a question for the jury to determine whether the equipment and material described by the officers constituted a "still" and "mash" according to the common meaning of those terms.

■■ There was ample evidence from which the jury could find that the business of a distiller was being carried on at the site under consideration.[2] The arrival of the defendant at the scene, his presence there, his statements to the officers and all the surrounding circumstances were such that the jury might reasonably have found that he was taking part in carrying on the business of a distiller.

■■ We find no merit to the argument of defendant's counsel that the jury's verdict of guilty on the second count of the indictment was fatally inconsistent with the dismissal of the first count and the acquittal of the defendant on the third count. Consistency on separate counts is not required in a jury verdict. Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356; Cacy v. United States, 298 F.2d 227, 228, C.A. 9; Horne v. United States, 193 F.2d 175, C.A. 5; see Manley v. United States, 238 F.2d 221, C.A. 6.

The judgment of the District Court is affirmed.

---

1. Liverman v. United States, 260 F.2d 284, C.A.4, is not applicable to the facts of this case. There the court found that it would have required considerable work to set up a still and that the apparatus found by the officers was not readily capable of being set up in an operating still.
■

2. In Griffin v. United States, 269 F.2d 903, C.A.4, the material was raw and had not been processed to a condition that would bring it within the statutory definitions of section 5002(a) (5). It is distinguishable on the facts from the case at bar.