**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Clinard Ermel BEVINS, Defendant-
Appellant.**

**No. 19853.**

United States Court of Appeals,
Sixth Circuit.

Sept. 10, 1970.

---

**602**

Francis D. Burke, Pikeville, Ky., for appellant, Burke and Justice, Pikeville, Ky., on brief.

J. T. Frankenberger, Asst. U. S. Atty., Lexington, Ky., for appellee, Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on brief.

Before WEICK and EDWARDS, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

Appellant was charged in the first count of a two-count indictment with possession of moonshine whiskey, and in the second count with the sale of such whiskey. On trial to a jury, he admitted such possession and sale, but offered the defense of entrapment. The jury convicted him of possession, but acquitted him on the second count which charged sale. The trial judge, under a proper instruction, submitted the entrapment defense to the jury.

Appellant contends that the apparent inconsistencies in the jury's verdict call for us to direct the entry of a judgment acquitting him of the charge in count one of the indictment. This is the manner in which the question is presented to us:

> "Where one charged with the distinct offenses of possession and a sale of identical untaxpaid whiskey admits the possession and sale, asserting entrapment as the affirmative defense to each charge, may a jury accept the defense as to one count and reject it as to the other?
>
> "The defendant contends the answer should be 'no'.
>
> "The trial court held that the answer was 'yes'."

The jury could have concluded that he was not entrapped into having possession of the whiskey, but were willing to give him the benefit of the doubt as to his claim that he was entrapped into selling it.

Appellant's entrapment claim had thin evidentiary support and was sharply disputed by the government's evidence. The alleged inconsistency in the verdict could, indeed, have been the product of the jurors' charitable and sympathetic concern for Clinard Ermel Bevins. At time of trial, he had gained no particu-

lar standing as a moonshiner, but his father, Clinard Bevins, "had been raided * * * on many occasions." Such lenience to the son was not forbidden to the jury. In Steckler v. United States, 7 F. 2d 59, 60 (2nd Cir. 1925), Judge Learned Hand expressed such a view.

"We interpret the acquittal [on one count of an indictment—apparently inconsistent with conviction on another] as no more than [the jury's] assumption of a power which they had no right to exercise, *but to which they were disposed through lenity.*

"That the conviction may have been the result of some compromise is, of course, possible; but to consider so is to consider too curiously, unless all verdicts are to be upset on speculation. That it represented their deliberate judgment seems to us beyond any reasonable doubt." 7 F.2d at 60. (Emphasis supplied.)

The quoted observation of Judge Hand was repeated approvingly by Mr. Justice Holmes in Dunn v. United States, 284 U.S. 390, 394, 52 S.Ct. 189, 76 L.Ed. 356 (1931). He sustained a jury verdict, notwithstanding its apparent inconsistency.

"That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. *But verdicts cannot be upset by speculation* or inquiry into such matters." 284 U.S. at 394, 52 S.Ct. at 190. (Emphasis supplied)

This Circuit stated its adherence to such rule in United States v. McGee, 315 F.2d 479 (6th Cir. 1963).

"Consistency on separate counts is not required in a jury verdict." 315 F.2d at 481.

This was repeated by Chief Judge Phillips in United States v. Shipp, 359 F.2d 185 (6th Cir. 1966).

Judgment affirmed.