**Ronald E. DILLEN, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Adult Corrections, State of Florida, Respondent-Appellee.**

**No. 71-2049**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Oct. 1, 1971.

Ronald E. Dillen, pro se.

Earl Faircloth, former Atty. Gen. of Fla., Charles Corces, Jr., Asst. Atty. Gen., Robert L. Shevin, Atty. Gen., Lakeland, Fla., for respondent-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Ronald E. Dillen, a prisoner of the State of Florida, has appealed from the district court's denial of his petition for

---

\* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

habeas corpus relief. Petitioner-appellant attacks the validity of the judgment and sentence to imprisonment for life of the Criminal Court of Record of Polk County, Florida, by authority of which he is held in respondent Wainwright's custody. Following his conviction of second degree murder in that court, Dillen was sentenced on February 13, 1967, to life imprisonment. The judgment was affirmed upon direct appeal;[1] and the appellant has exhausted the post-conviction remedies available to him in the state courts, both on the trial and appellate levels.

■ Dillen contends, first, that his conviction should be set aside because the prosecution failed to disclose the names of two witnesses who testified against him at his trial. These were the physician who treated the murder victim, Dillen's two year old stepchild, when she was taken to the hospital by him; and the pathologist who performed the autopsy after her death.

As the district court held, this does not constitute grounds for federal habeas relief. The fact that these medical witnesses would testify, if not actually known by the defense, easily could have been discovered by exercise of reasonable diligence. The defendant was on notice that there might be other witnesses, by the trial court's grant of his motion for list of witnesses only "insofar as it relate[d] to those upon whose testimony the information [was] based." See Cullen v. United States, 6 Cir. 1969, 408 F.2d 1178; United States v. Rimanich, 7 Cir. 1970, 422 F.2d 817. Appellant's pretrial motion to suppress photographs of the corpse taken at the hospital refers to the expected testimony of the medical witnesses.

■ Finally, appellant urges that denial of a bill of particulars deprived him of his right to be informed of the nature of the charge, impaired his ability to defend against it, and exposed him to the possibility of double jeopardy. The dis-

trict court held that the indictment adequately apprised Dillen of the charges against him, and protected him from double jeopardy. Error in this ruling is not made to appear. The indictment alleged that on a certain date the appellant assaulted the deceased about her head, body and limbs with his hands and fists, causing her death. The particulars sought were the time of day and the manner of the beating, and the address at which it allegedly occurred.

The appellant has cited no case holding that denial of a bill of particulars in a state criminal trial rises to constitutional proportions so as to constitute grounds for federal habeas relief, nor has our research brought any to light.

In federal prosecutions, the bill of particulars does not have the function of providing detailed disclosure of the government's evidence in advance of trial. All that is necessary is that the defendant be advised of any essential detail which may have been omitted from the indictment. See Wilkins v. United States, 5 Cir. 1967, 376 F.2d 552, cert. denied 389 U.S. 964, 88 S.Ct. 342, 19 L. Ed.2d 379. Moreover, the denial of a bill of particulars is not grounds for reversal upon a federal direct criminal appeal absent a showing of clear abuse of the trial court's sound discretion, or prejudice to substantial rights of the defendant. See United States v. Bearden, 5 Cir. 1970, 423 F.2d 805, cert. denied 400 U.S. 836, 91 S.Ct. 73, 27 L.Ed.2d 68; Buie v. United States, 5 Cir. 1969, 420 F.2d 1207, cert. denied 398 U.S. 932, 90 S.Ct. 1830, 26 L.Ed.2d 97; United States v. Gleeson, 10 Cir. 1969, 411 F.2d 1091. On the record before this Court, we find no violation of Dillen's federal constitutionally protected rights in the denial of his motion for a bill of particulars by the state trial court.

The judgment of the district court denying the petition of Ronald E. Dillen for habeas corpus is

Affirmed.

---

1. Dillen v. State, Fla.App.1967, 202 So.2d 904, cert. denied, Fla., 209 So.2d 674.