861 F.2d 722
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lee Edward YATES, Defendant-Appellant.
 No. 88-5210.
 United States Court of Appeals, Sixth Circuit.
 Oct. 28, 1988.
 
 Before WELLFORD and BOGGS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Lee Edward Yates appeals his jury conviction for passing a counterfeit Federal Reserve note in violation of 18 U.S.C. Sec. 472. The indictment against Yates charged him with three separate but similar violations, all occurring on September 25, 1987, at three different restaurants. Yates contends essentially that the jury's verdict finding him guilty of only one count of the indictment is inconsistent, requiring reversal, but also contends that his conviction on count one of the indictment is not supported by sufficient evidence. We affirm.
 
 
 2
 Count one of the indictment charged that Yates knowingly and with intent to defraud, passed a counterfeit twenty dollar Federal Reserve bill at Long John Silver's, a restaurant in Lexington, Kentucky. Counts two and three made similar charges, with respect to Lee's Famous Recipe and Arby's Restaurants, respectively.
 
 
 3
 The prosecution called as witnesses Secret Service Agent Danny R. Smith and various employees of the three restaurants. Smith testified that the Federal Reserve bills at issue were counterfeit, but also stated that Yates' fingerprints had not been found on these twenties.
 
 
 4
 Two employees of Long John Silver's described their encounter with a man identified as Yates. Sheila Hollon, the cashier, realized that the note, when passed to her, was counterfeit and requested Bill Slone, the manager, to stop Yates, who had left the restaurant but was in the parking lot. While Slone was unsuccessful, both he and Hollon made a positive in-court identification of Yates. In addition, Slone identified Yates in a photo line-up a few days after the incident. Both also identified a photograph of a truck owned by Yates as the one the suspect was driving.
 
 
 5
 Karen Warren of Lee's Famous Recipe, the employee to whom the counterfeit note was passed, testified that she wrote down the license tag number of the old, light blue pickup driven by the individual from whom she received the note. She gave the license number to Smith, who was able to determine that Yates was the registered owner of the vehicle. Warren identified a photograph of the truck owned by Yates as the one driven by the individual who passed the counterfeit note to her, but was unable to identify Yates as the perpetrator.
 
 
 6
 Two witnesses were called to testify as to the events that transpired at Arby's Restaurant. The first witness, Nina Lucas, identified Yates' truck, but could not identify Yates. Gina Mundy identified Yates' truck, and also identified Yates in court, but admitted on cross examination that she had previously not been able to identify Yates in a photo line-up.
 
 
 7
 The descriptions given of what the individual alleged to be Yates was wearing differed, as did physical descriptions of the suspect involved. Neither Slone nor Hollon noticed a tatoo on the individual's arm, but both acknowledged in court that Yates had a tatoo on his left arm.
 
 
 8
 Pretrial estimates of age and descriptions were given to Smith by the various witnesses, and there was some inconsistency in these respects.
 
 
 9
 Yates defended against the charges by presenting alibi evidence. He testified that he had not been in Lexington, Kentucky on September 25, 1987, but had been in Ironton, Ohio drinking at several bars with a friend, who corroborated his story. His girlfriend, Rebecca Salyeres, also supported the alibi.
 
 
 10
 Yates also claimed that he did not have possession of his blue truck on the date in question. Yates testified that his son borrowed the truck and that it was stolen prior to September 25, 1987. Neither man realized the truck was missing because each assertedly believed the other had possession of it. On September 27, 1987, Yates reported the truck stolen.
 
 
 11
 Yates moved for judgment of acquittal on counts two and three of the indictment both at the close of the government's case and at the close of all evidence. Both motions were denied. The jury found Yates guilty of the charge in count one concerning Long John Silver's, but acquitted Yates of the remaining charges. Yates' motion for judgment notwithstanding the verdict on count one was denied. Yates appeals the judgment and probation commitment order and the denial of his motion for judgment notwithstanding the verdict.
 
 
 12
 Yates argues that the jury's verdict is inconsistent because the three offenses he was charged with committing were "related," meaning the three offenses must have been committed by one person. He therefore contends that because the evidence offered in support of each count was inconsistent concerning the description and clothing of the suspect, and because not all of the witnesses could identify him as the suspect, the interrelated nature of the offenses mandates acquittal on all three charges since he was found not guilty on two of the charges.
 
 
 13
 As a general rule, "[c]onsistency on separate counts is not required in a jury verdict." United States v. Bevins, 430 F.2d 601, 603 (6th Cir.1970). "That the verdict may have been the result of compromise, or of a mistake on the part of the jury is possible. But verdicts cannot be upset by speculation or inquiry into such matters." Dunn v. United States, 284 U.S. 390, 394 (1932).
 
 
 14
 Yates relies heavily upon United States v. Bosch, 584 F.2d 1113 (1st Cir.1978), to support his argument that the particular circumstances of his case involving "interrelated offenses" constitute an exception to this general rule. Bosch is not an exception to the general rule that an actual or apparent inconsistency in a jury verdict in a criminal case does not subject it to an attack of this type.
 
 
 15
 Each count in an indictment is regarded as if it was a separate indictment. If separate indictments had been presented against the defendant for possession and for maintenance of a nuisance, and had been separately tried, the same evidence being offered in support of each, an acquittal on one could not be pleaded as res judicata of the other. Where the offenses are separately charged in the counts of a single indictment the same rule must hold.
 
 
 16
 Dunn, 284 U.S. at 393 (citations omitted).
 
 
 17
 The three offenses with which Yates was charged differ in at least two critical respects--they occurred in three different locations and each was supported by its own independent body of evidence. Whether or not the same person committed all three, a jury could reasonably believe that Yates committed one offense and the government had not proved that Yates committed the other two. The jury apparently disbelieved Yates' alibi defense. The fact that the evidence was somewhat conflicting or inconsistent, if anything, supports the rationality of the jury's decision to find guilt beyond a reasonable doubt on only one count.
 
 
 18
 Yates also challenges the sufficiency of the evidence to support the jury's determination of his guilt on count one. From the record, it does not appear that Yates' counsel ever sought judgment of acquittal pursuant to Fed.R.Crim.P. 29 for count one of the indictment, nor did he clearly challenge the sufficiency of the evidence to support the conviction in the motion for judgment notwithstanding the verdict. He may have waived his right to challenge the sufficiency of the evidence supporting his conviction. See United States v. Faymore, 736 F.2d 328, 334 (6th Cir.), cert. denied, 469 U.S. 868 (1984).
 
 
 19
 In any event, the record, viewed in the light most favorable to the government, contains sufficient competent evidence, direct or circumstantial, to allow a rational juror to conclude that each element of the charged offense has been established beyond a reasonable doubt. We therefore affirm the conviction. United States v. Tilton, 714 F.2d 642 (6th Cir.1983).
 
 
 20
 Accordingly, we AFFIRM the decision of the district court.