**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Eddie Serrato VASQUEZ,
Defendant–Appellant.**

**No. 88–2268.**

United States Court of Appeals,
Fifth Circuit.

March 2, 1989.

Before GEE, HIGGINBOTHAM and DUHE, Circuit Judges.

DUHE, Circuit Judge:

Appellant Eddie Serrato Vasquez appeals his conviction for attempting to threaten Pope John Paul II and threatening Pope John Paul II in violation of 18 U.S.C. §§ 112(b)(1) and 112(b)(2). For the reasons stated below, we affirm the conviction under § 112(b)(1), vacate the conviction under 112(b)(2), vacate the sentence under both §§ 112(b)(1) and 112(b)(2), and remand for resentencing.

On September 2, 1987, the United States Secret Service obtained a letter written by defendant-appellant Eddie Serrato Vasquez containing a threat to kill Pope John Paul II during the Pope's visit to San Antonio, Texas, on September 13, 1987. During questioning, after waiving his Miranda rights, Vasquez freely admitted he had written the letter and repeatedly asserted that he intended to carry out the threat.

Vasquez was thereafter arrested and charged in a three count indictment: in count one with violating 18 U.S.C. § 112(a) by offering violence to the person of Pope John Paul II, in count two with violating 18 U.S.C. § 112(b)(1) by threatening Pope John Paul II, and in count three with violating 18 U.S.C. § 112(b)(2) by attempting to threaten Pope John Paul II.

Vasquez was acquitted on count one and found guilty on counts two and three. He was sentenced consecutively to six months in custody on each of counts two and three; the sentence on count three was suspended for five years supervised probation to commence upon release from confinement on count two.

C. Gerald Miller, Jr., Corpus Christi, Tex., (court-appointed), for defendant-appellant.

Paula C. Offenhauser and Hays Jenkins, Jr., Asst. U.S. Attys., Henry Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

I.

Vasquez first contends that the trial court erred by denying his motion for a bill of particulars.

Denial of a motion for a bill of particulars is reviewable on appeal from a judgment of conviction, but the judgment will be reversed only if denial of the bill was a clear abuse of discretion. *United States v. Hughes*, 817 F.2d 268, 272 (5th Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 170, 98 L.Ed.2d 124 (1987); *United States v. Martino*, 648 F.2d 367, 383 (5th Cir.1981), *cert. denied*, 456 U.S. 949, 102 S.Ct. 2020, 72 L.Ed.2d 474 (1982); *United States v. Horton*, 526 F.2d 884, 887 (5th Cir.), *cert. denied*, 429 U.S. 820, 97 S.Ct. 67, 50 L.Ed.2d 81 (1976). Such an abuse will be found only if it appears that the accused was actually surprised at trial and that his rights were substantially prejudiced by the denial. *United States v. Nixon*, 816 F.2d 1022, 1031 (5th Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 749, 98 L.Ed.2d 762 (1988); *United States v. Carlock*, 806 F.2d 535, 550 (5th Cir.1986), *cert. denied*, 480 U.S. 949 & 950, 107 S.Ct. 1611 & 1613, 94 L.Ed.2d 796 & 798 (1987); *Martino*, 648 F.2d at 383. *See also* 1 C. Wright, *Federal Practice and Procedure*, § 130 at 452 (1982) (citing cases).

Vasquez cannot meet this heavy burden. His basic argument is that the indictment failed to inform him of such information as the substance of the alleged threat, to whom it was communicated, and the particular conversation that was the subject of the allegations. Although the indictment contained the essential information,[1] even much of this additional information was later provided at a pretrial conference. Vasquez also received open discovery by review of the government file. It is well established that if the government has provided the information called for in some other satisfactory form, then no bill of particulars is required. *United States v. Sullivan*, 421 F.2d 676, 677 (5th Cir.1970). Vasquez fails to allege surprise or demonstrate substantial prejudice. Thus, the tri-

al court did not abuse its discretion in denying Vasquez's motion for a bill of particulars.

## II.

Vasquez's next contention is that Pope John Paul II cannot be properly viewed as an official guest under 18 U.S.C. § 112.

The provisions of 18 U.S.C. §§ 112(b)(1) and 112(b)(2) are for the protection of foreign officials, official guests, and internationally protected persons. *U.S. v. Birk*, 797 F.2d 199 (5th Cir.1986). 18 U.S.C. § 112 adopts the definitions found in 18 U.S.C. 1116(b), which provides:

(b) For the purposes of this section:

\* \* \* \* \* \*

(2) "Foreign government" means the government of a foreign country, irrespective of recognition by the United States.

(3) "Foreign official" means—

(A) a Chief of State or the political equivalent, President, Prime Minister, Ambassador, Foreign Minister, or other officer of Cabinet rank or above of a foreign government or the chief executive officer of an international organization, or any person who has previously served in such capacity....

\* \* \* \* \* \*

(4) "Internationally protected person" means—

(A) a Chief of State or the political equivalent, head of government, or Foreign Minister whenever such person is in a country other than his own ...

\* \* \* \* \* \*

(6) "Official guest" means a citizen or national of a foreign country present

---

**1.** Count two, for example, provided:

That on or about September 2, 1987, within the Corpus Christi Division of the Southern District of Texas and within the jurisdiction of the Court, Eddie Serrato Vasquez, *defendant herein,* did unlawfully, knowingly and willfully threaten the person of Pope John Paul II, Chief of State of the Vatican City, a foreign official, an

official guest and an internationally protected person; to-wit, the defendant, in a verbal conversation stated his intention to do injury to Pope John Paul II during his September 1987 visit to the United States of America. [Violation: Title 18, United States Code, Section 112(b)(1) ].

in the United States as an official guest of the Government of the United States pursuant to designation as such by the Secretary of State.

The record establishes that the Pope is the head and director of the Vatican State, an independent country. This is enough to support a finding by the trial court that the Pope is a "foreign official" under 18 U.S.C. § 112. Whether he also satisfies the criteria for an "official guest" need not be decided.

## III.

Vasquez's third contention is that he cannot be convicted and sentenced for both attempting to threaten the Pope under § 112(b)(2) and threatening the Pope under 18 U.S.C. § 112(b)(1), since these violations occurred during successive stages of a single criminal undertaking, and the "attempt" is included in the completed crime of "threatening."

The government argues that two separate offenses occurred. The attempt to threaten the Pope occurred when Vasquez wrote a letter describing a dream he had where Satan directed him to kill the Pope. The threat took place when Vasquez described to the Secret Service how he intended to go to San Antonio to kill the Pope.

When Congress creates different crimes aimed at successive stages of a single criminal undertaking, the defendant can properly be charged and tried for multiple offenses, but may be punished only for the commission of one offense. *United States v. Wilson*, 781 F.2d 1438, 1439–40 (9th Cir. 1986). Punishment in this context includes the conviction as well as the sentence, since the conviction itself has potential adverse collateral consequences. *Ball v. United States*, 470 U.S. 856, 865, 105 S.Ct. 1668, 1673, 84 L.Ed.2d 740 (1985).

We are also guided by the approach taken by the Supreme Court in *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), which held that although Congress had criminalized both the entering of a bank with intent to rob it and the robbery itself, it did not intend to multiply the punishments when a single criminal undertaking was involved. The Supreme Court permitted punishment for only one count. *Id.* at 328, 77 S.Ct. at 406.

Vasquez's interrogation by the Secret Service was to ascertain his intentions regarding the threats in the letter. Although the government tries to cast them in a different fashion, threatening statements made by Vasquez during the interrogation were only in response to questions about the threats contained in the letter, and as such, were part of the same criminal undertaking. Thus, what the government characterizes as the crime of attempting to threaten the Pope merges into the completed crime of threatening the Pope, and cannot be punished separately.

Accordingly, Vasquez's conviction and sentence for "attempting to threaten" the Pope under 18 U.S.C. § 112(b)(2) is VACATED. Vasquez's sentence for his conviction under 18 U.S.C. § 112(b)(1) is also VACATED, in order to allow the district court to resentence Vasquez in light of the reversal of his conviction under § 112(b)(2). In all other respects, the judgment of conviction is AFFIRMED. This case is hereby REMANDED for resentencing consistent with this opinion.