*Crane Service v. United States Fidelity & Guaranty Co.,* 861 F.2d 110 (5th Cir.1988).

UNITED STATES of America, Plaintiff,

v.

**Debra Andrews CAMPBELL,**
**Defendant.**

**Crim. A. No. CR 3–89–043–G.**

United States District Court,
N.D. Texas,
Dallas Division.

April 10, 1989.

Robert L. Webster, Asst. U.S. Atty., Dallas, Tex., for plaintiff.

R.D. Rucker, Dallas, Tex., for defendant.

MEMORANDUM ORDER

FISH, District Judge.

This case is before the court on the defendant's motion under Rule 7(f), F.R. Crim.P., for a bill of particulars. For the reasons stated below, the motion is DENIED.

In *United States v. Davis,* 582 F.2d 947, 951 (5th Cir.1978), *cert. denied,* 441 U.S. 962, 99 S.Ct. 2408, 60 L.Ed.2d 1067 (1979), Judge Higginbotham explained that the purpose of a bill of particulars

is to inform an accused of the charge with sufficient precision to reduce trial surprise, to enable adequate defense preparation, and critically, by the fleshing out of the charges to illuminate the dimensions of jeopardy.

(citing *United States v. Mackey,* 551 F.2d 967, 970 (5th Cir.1977) and *United States v. Sherriff,* 546 F.2d 604, 606 (5th Cir.1977)). *See United States v. Cantu,* 557 F.2d 1173, 1178 (5th Cir.1977), *cert. denied,* 434 U.S. 1063, 98 S.Ct. 1236, 55 L.Ed.2d 763 (1978); *United States v. Perez,* 489 F.2d 51, 70–71 (5th Cir.1973), *cert. denied,* 417 U.S. 945, 94 S.Ct. 3067, 41 L.Ed.2d 664 (1974); *United States v. Bearden,* 423 F.2d 805, 809 (5th Cir.), *cert. denied,* 400 U.S. 836, 91 S.Ct. 73, 27 L.Ed.2d 68 (1970).

■ The motion is addressed to the sound discretion of the trial court, subject to review for clear abuse of that discretion. *Wong Tai v. United States,* 273 U.S. 77, 82, 47 S.Ct. 300, 302, 71 L.Ed. 545 (1927); *United States v. Vasquez,* 867 F.2d 872, 874 (5th Cir.1989). *See Davis,* above, 582 F.2d at 951 (determination of bill of particulars "is an exercise calling for discrete decisions properly infused with the ambience of the trial scene and tailored to fit the facts before the trial judge" and is afforded "substantial discretion"); *Dillen v. Wainwright,* 449 F.2d 331, 332 (5th Cir.1971); *Bearden,* above, 423 F.2d at 809; *Downing v. United States,* 348 F.2d 594, 599 (5th Cir.), *cert. denied,* 382 U.S. 901, 86 S.Ct. 235, 15 L.Ed.2d 155 (1965).

The court "must balance the needs of the defendant against the government's right not to disclose its witnesses, evidence or legal theories." *United States v. Miller,* 210 F.Supp. 716, 717 (S.D.Tex.1962) (Ingraham, District Judge). And it is firmly established that a motion for a bill of particulars is not a legitimate discovery device. *See Davis,* above, 582 F.2d at 951; *Dillen,* above, 449 F.2d at 332; *Downing,* above, 348 F.2d at 599. *See also United States v. Kilrain,* 566 F.2d 979, 985 (5th Cir.), *cert. denied,* 439 U.S. 819, 99 S.Ct. 80, 58 L.Ed.2d 109 (1978) (defendants are not entitled to use bill of particulars to discover all overt acts that might be proved at trial); *United States v. Pena,* 542 F.2d 292, 294 (5th Cir.1976) (defendant not entitled to use bill of particulars to obtain a list of witnesses).

Moreover, the breadth of the government's pretrial disclosures is relevant to the disposition of the motion. *See, e.g., Bearden,* 423 F.2d at 809 (government ordered to furnish for defendant's review and inspection all documentary evidence which government would use during trial).

Because of the pretrial order in this case and the government's "open-file" discovery policy in the Northern District of Texas, there is very little if anything in the motion that the defendant has not or will not obtain through legitimate disclosure devices. *See Vasquez,* above, 867 F.2d at 874. Accordingly, the motion for a bill of particulars is DENIED.

SO ORDERED.