United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 8, 2002**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-41183

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RAY ANTHONY CRUZ; MARCUS CRUZ,

Defendants-Appellants.

Appeal from the United States District Court
For the Southern District of Texas

November 8, 2002

Before DAVIS, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[1]

Ray and Marcus Cruz challenge their convictions and sentences on drug trafficking charges on several grounds all related to the government's failure to allege in the indictment the drug quantities involved in the offenses.

The only Apprendi v. New Jersey, 530 U.S. 466 (2000) error that

---

[1]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

occurred was in relation to the drug conspiracy charge. The court properly imposed prison sentences within the limit provided in 18 U.S.C. § 841(b)(1)(C), the baseline sentencing provision for cocaine related offenses. However, the five year term of supervised release the court imposed exceeds the baseline maximum sentence of three years. See United States v. Doggett, 230 F.3d 160, 165 n.2. (5th Cir. 2000). We must therefore reduce the term of supervised release from five years to three years to bring the sentence within the baseline sentencing limit. As modified, the sentence complies with Apprendi and U.S. v. Cotton, 122 S.Ct. 1781 (2002).

Appellants also argue that because the indictment failed to allege drug quantities, it did not state an offense. We agree with the government that the indictment stated an offense. See Cotton. The effect of the government's failure to allege drug quantities in the indictment was to limit appellants' sentences to the penalty provided in 18 U.S.C. § 841(b)(1)(C) and (D).

Neither did the district court err in denying the Cruzes' motion for a bill of particulars. The district court's decision on this issue is reviewed for abuse of discretion. To prevail the Cruzes must establish that the denial caused surprise at trial and resulted in prejudice to substantial rights. United States v. Moody, 923 F.2d 341, 351 (5th Cir. 1991). Appellants do not allege surprise or any specific harm they suffered from the court's ruling. When the information sought by the bill is made available to the defendants in other ways, for example by the use of "open file"

2

discovery as was done in this case, the district court need not order the bill.  <u>United States v. Vasquez</u>, 867 F.2d 872, 874 (5th Cir. 1989).

The Cruzes also argue that the district court constructively amended their indictments by instructing the jury to make specific findings as to the quantity of drugs involved in the conspiracy. "A constructive amendment occurs when the jury is permitted to convict the defendant upon a factual basis that effectively modifies an essential element of the offense charged."  <u>United States v. Holley</u>, 23 F.3d 902, 912 (5th Cir. 1994)(internal quotation and citation omitted).  A constructive amendment violates the defendants right under the Fifth Amendment to a grand jury indictment.

But once appellants' sentences are corrected to come within the penalty provided by the baseline provisions, the findings of drug quantity by the jury are surplusage.  Even if the findings of the jury amount to an amendment of the indictment, so long as the sentence does not depend on those findings, the error is harmless. F.R.C.P. 52(a); <u>Neder v. United States</u>, 527 U.S. 1 (1999).

We therefore affirm the appellants' convictions.  We also affirm appellants' sentences, except to modify the terms of their supervised release from five years to three years.

AFFIRMED as modified.