**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Daniel Clinton TUCKER, Defendant-
Appellant.**

**No. 15901.**

United States Court of Appeals
Seventh Circuit.

Feb. 27, 1967.

———◆———

Robert H. Stephens, Springfield, Ill.,
for appellant.

Richard E. Eagleton, U. S. Atty.,
James G. Hatcher, Asst. U. S. Atty.,
Peoria, Ill., for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and CASTLE, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Daniel Clinton Tucker, defendant, appeals from a judgment of conviction and sentence to imprisonment for three years, following a trial by jury. The prosecution was based upon an indictment charging him with knowingly refusing and failing to comply with the lawful order of a local board to report for instructions to proceed to a place of civilian employment [1] contributing to the maintenance of the national health, safety, and interest, as provided in the Universal Military Training and Service Act, in violation of 50 App.U.S.C. § 462 (a).

The facts pertinent to the decision herein may be stated as follows. Defendant was physcially examined on April 23, 1964 and found acceptable by his local board. On July 9, 1964, he wrote the board that he had "information that may effect [sic] my classification * * *", that he had done "vacation pioneering", that he had been "putting in seventy-five or more hours in preaching work during a month", and that "(w)hat ever [sic] happens I must stand firm in my conscientious objections to participation in war as a combatant or noncombatant." The board took no action on this letter. On October 4, 1964, defendant wrote a letter to the board:

"I want to bring to the attention of the Board something which ought to affect my classification.

"It concerns farm land in Missouri we are buying. * * *

> * * * * * *

"So without me it would be a hardship on this [his] family until we are set up to make the payments and living from this farm. I would like a deferment for one year on these grounds."

The board, in a "Report of Oral Information," dated October 14, 1964, refused to reopen defendant's classification because "the circumstances were not beyond the registrant's [defendant's] control," and on the same day informed him by mail that its members had determined that the circumstances "did not warrant reopening [his] present classification."

On October 30, 1964, defendant wrote the board a letter, stating:

"I do not offer to perform any of the types of work you sent of October 22, 1964.[2] I am disappointed in your decision of my request for deferement [sic]. I am sorry but my dad needs my help and can't afford to hire someone. And too I don't want any of my brothers to have to quit high school. Do you believe in education for all?"

On December 8, 1964, defendant appeared before the board and was informed that the purpose of the meeting was to determine whether he would accept civilian work in lieu of induction; that he would be paid like, and enjoy all the rights and privileges accorded other employees working in the Chicago State Hospital. When asked, "Will you perform such work in lieu of induction?", defendant answered "No", giving as his reason that, if he accepted civilian work, he would be compromising his religious principles.

On January 8, 1965, the chairman of the board caused to be mailed to defendant an order to report for civilian work at said hospital on January 19, 1965, and a warning that failure to do so would constitute a violation of the Act. However, after failing to so report, defendant continued his prolific letter writing. He wrote the board on October 13, 1965, enclosing a "Pioneer Minister" appointment from the Watch Tower Bible and Tract Society. This was followed on November 24, 1965, by his sending to the

1. Defendant's initial classification was I-A. On his request, he was reclassified I-O (conscientious objector) on March 10, 1964.

2. A letter submitting three types of work had been sent to him by the board.

board a letter from the Society indicating he was appointed an assistant presiding minister of the Pana, Illinois, congregation of Jehovah's Witnesses. Defendant's purpose in writing these two letters was "to request a reopening of my classification".

On January 10, 1966, defendant was indicted.

■ 1. We hold against defendant's contention that he was denied due process of law when the board on four occasions refused to reconsider and reopen his classification. These were when defendant wrote to the board on July 9, 1964, October 4, 1964, October 13, 1965, and November 24, 1965, respectively. We do not view the July 9th letter as a request for reopening and reconsideration of his classification within the meaning of 32 C.F.R. § 1625.2, which provides, in part:

> "The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant, * * * if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; * * *"

Rather, we believe that defendant was merely seeking to comply with certain instructions listed on a "Classification Questionnaire"[3] and with 32 C.F.R. § 1625.1(b), the latter providing, in part:

> "Each classified registrant * * * shall * * * report to the local board in writing any fact that might result in the registrant being placed in a different classification * * *."

Also, defendant must have been aware of the procedures for *requesting* a re-opening and reconsideration of his classification, because, as indicated earlier (page 1, ante, fn. 1), he had previously[4] requested and obtained a reclassification of his original I–A classification.

2. With respect to the second (October 4) letter, defendant contends that the board's decision was based on "speculation" and that it "was acting under the mistaken belief that they could not grant a deferment because the reason therefor concerned a change after the Defendant's original classification". However, defendant was required to but did not present to the board any evidence which would have supported an agricultural deferment under 32 C.F.R. §§ 1622.24(a) and 1622.23(a) (2) and (3). The former section states:

> "In Class II–C shall be placed any registrant who is employed in the production for market of a substantial quantity of those agricultural commodities which are necessary to the maintenance [sic] of the national health, safety, or interest, but only when all of the conditions described in § 1622.23(a) are found to exist."

The latter, requires that

> "(2) The registrant cannot be replaced because of a shortage of persons with his qualifications or skill in such activity.
>
> "(3) The removal of the registrant would cause a material loss of effectiveness in such activity."

Nor did defendant present any evidence to the board which would have supported a hardship deferment under 32 C.F.R. § 1622.30(b).

■ Thus, we hold that the board properly refused to reopen and reconsider defendant's classification under the foregoing sections, and that said board

---

3. "After this questionnaire has been completed you are required to report to your local board in person or by mail within 10 days after it occurs, any change of address, any change in marital or dependency status, any change in place of employment or occupation, *or any other new fact which may affect your classification.*" (Emphasis supplied.)

4. On December 10, 1963, defendant in a letter to the board stated that he must "press [his] claim for exemption under class I-O." In another letter, dated February 4, 1964, he said that he was "dissatisfied with [his] classification" and that he "would like to discuss [his] claim for a different classification" (with the board).

properly followed the procedures set forth in 32 C.F.R. § 1625.4, which states, in part:

"When * * * the local board is of the opinion that the information accompanying such request fails to present any facts in addition to those considered when the registrant was classified or, even if new facts are presented, the local board is of the opinion that such facts, if true, would not justify a change in such registrant's classification, it shall not reopen the registrant's classification. In such a case, the local board, by letter, shall advise the person filing the request that the information submitted does not warrant the reopening of the registrant's classification * * *."

 3. As for defendant's third and fourth letters (October 13 and November 24, 1965), they came after January 8, 1965, when the order to report for civilian work was mailed, and therefore are not before us for consideration, inasmuch as 32 C.F.R. § 1625.2 denies a board the power to reopen and reconsider a registrant's classification after an order to report for civilian work has been mailed, unless the change in status results from circumstances beyond registrant's control, which defendant does not assert.

4. Because the district court refused to permit defendant to submit certain evidence at the trial before the jury, on the question of whether the board *validly* ordered defendant to report for civilian work, it is contended by defendant that the court erred. However, the government argues that the *only* relevant issues for the jury were whether the board ordered defendant to report for civilian work, whether defendant received notice of that order and whether defendant reported as ordered. We agree.

We said in United States v. Norris, 341 F.2d 527, 530–531 (7 Cir., 1965), cert. denied, 382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 99:

" * * * Questions as to the legality of the order are for the court

and not for the jury. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152 [98 L.Ed. 132] (1953); Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946). The holding in United States v. Mohammed, 288 F.2d 236 (7th Cir. 1961), is not otherwise."

 In the case at bar, it was not the province of the jury to determine whether the order of the local board was valid. The instructions in this case properly limited the issues presented to the jury.

5. We reject as nonprejudicial the few remaining attacks by defense counsel on the judgment of the court below. A recital thereof would merely encumber this opinion.

Accordingly, the judgment from which this appeal has been taken is affirmed.

Judgment affirmed.