Robert Lynn SMITH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18940.

United States Court of Appeals Eighth Circuit.

March 29, 1968.

See also 8 Cir., 384 F.2d 649.

---

1. The new witness was known to appellant and could have been produced at trial. Ibid.

James A. Cochrane, Jr., of Finch, Finch, Knehans & Cochrane, Cape Girardeau, Mo., for appellant.

Irvin L. Ruzicka, Asst. U. S. Atty., St. Louis, Mo., for appellee, Veryl L. Riddle, U. S. Atty., was on the brief.

Before MATTHES, GIBSON and HEANEY, Circuit Judges.

MATTHES, Circuit Judge.

Appellant was found guilty by a jury of knowingly and willfully failing to comply with an order of his local draft board requiring him to report to the board for civilian work in lieu of induction, in violation of 50 U.S.C.App. § 462(a) (1967).

Appellant's sole contention is that the district court erred in denying his motion for judgment of acquittal. He expands this contention by asserting that the evidence conclusively established his lack of criminal intent. We disagree and hold that the question whether appellant knowingly and willfully failed to report in response to the board's order presented an issue of fact for the jury.

A summary of the undisputed evidence will suffice. Appellant is a Jehovah's Witness and, as such, claimed to be a conscientious objector. He was originally classified I-A by his local draft board. On appeal from such classification he was subsequently classified I-O by the State Appeal Board and notified accordingly. By letter dated September 12, 1966, appellant was offered a choice of three types of civilian work in lieu of induction into the armed forces. His board requested that he communicate his acceptance of one of the three types of civilian employment tendered to him. His reply to such request, dated September 22, 1966, was an outright refusal to accept civilian work.

Pursuant to a subsequent notice appellant appeared before the local board on October 25, 1966. A representative of the State Selective Service attended this meeting. The efforts of the board members and the state representative to persuade appellant to accept civilian employment were futile. Thereupon appellant, at the request of the state representative, signed the following statement:

"I, Robert Lynn Smith, will not offer to perform or agree to accept a civilian work assignment in lieu of induction."

By an order dated November 30, 1966 appellant was ordered to report to the local board on December 12, 1966.[1] Appellant concedes that he received the order to report for civilian work, that he ignored the order, and that he did not at any time report to the local board or to the University of Missouri Medical Center.

During the meeting of October 25th the representative of the State Selective Service, upon inquiry from appellant, in-

---

1. This order stated in pertinent part:
    "Having been found to be acceptable for civilian work contributing to the maintenance of the national health, safety, or interest, you have been assigned to 'hospital work' located at University of Missouri Medical Center, Columbia, Missouri.
    "You are ordered to report to the local board named above [Selective Service Board No. 118, Stoddard County, Bloomfield, Missouri 63825] at 10:00 A.M. on the 12th day of December, 1966, where you will be given instructions to proceed to the place of employment.
    *     *     *     *     *
    "Failure to report at the hour and on the day named in this order, or to proceed to the place of employment pursuant to instructions, or to remain in this employment the specified time will constitute a violation of the Universal Military Training and Service Act, as amended, which is punishable by a fine or imprisonment, or both."

formed him in substance that he would not have to do anything further; that in a couple of weeks, perhaps a month or later, federal officers would arrest him. This evidence, according to appellant's claim, not only justified him in ignoring the subsequent order to report to his local board for instructions relating to civilian duty, but conclusively negatived the element of criminal intent.

■ The parties are in agreement that the criminal intent is an essential element of the offense proscribed by Section 462 (a). This principle was firmly settled in United States v. Hoffman, 137 F.2d 416, 419 (2d Cir. 1943) and has been consistently recognized and applied. See, e. g., Silverman v. United States, 220 F.2d 36, 39–40 (8th Cir. 1955); Graves v. United States, 252 F.2d 878, 881–882 (9th Cir. 1958); Whitney v. United States, 328 F.2d 888, 889 (5th Cir. 1964).

■ The evidence, considered as a whole, when viewed in the light most favorable to the verdict, does not compel the conclusion, as appellant contends, that his failure to heed the order to report constituted an innocent omission to act resulting from justifiable reliance on the oral statement of the representative of the State Selective Service. It is undisputed that from the time appellant was classified I-O, because of his religious convictions, he unswervingly demonstrated that he would not under any circumstances accept any type of civilian employment in lieu of induction. His testimony at the trial was consistent with his prior attitude. In this posture we must conclude that the question of appellant's intent was for the jury to resolve. All elements of the offense were properly submitted to the jury by instructions to which no exceptions were taken. The court was careful to require a finding that appellant had knowingly, willfully and intentionally failed to perform the duty of reporting to the board before the jury would be justified in finding him guilty.

The judgment is affirmed.