**UNITED STATES of America, Appellee,**

v.

**John Kenneth BACK, Jr., Defendant-Appellant.**

**No. 514, Docket 32133.**

United States Court of Appeals Second Circuit.

Argued April 16, 1969.

Decided April 28, 1969.

---

John R. Robinson, Asst. U. S. Atty.
(Robert M. Morgenthau, U. S. Atty., for
the Southern District of New York, Paul
K. Rooney, Asst. U. S. Atty., on the
brief), for appellee.

Before WATERMAN, SMITH and
FEINBERG, Circuit Judges.

PER CURIAM:

John Kenneth Back, Jr. appeals from
a judgment of conviction for failing to
report for induction into the Armed
Forces in violation of 50 U.S.C. App. §
462(a), entered in the United States District
Court for the Southern District of
New York after a trial before Thomas F.
Murphy, J., sitting without a jury. Appellant
claims that the evidence at trial
was legally insufficient to prove that he
knowingly and wilfully failed to report
for induction, that there was no basis in
fact for his 1–A classification, that he
was not accorded procedural due process,
and that the trial court erroneously denied
him the right to prove sincerity and
religious training and belief.

The question of appellant's intent
is an issue of fact which was resolved
by the trier of fact, Judge Murphy.
There was sufficient evidence to
support the judge's finding. The 1–A
classification was supportable by the
recommendation of the United States Department
of Justice, which emphasized,
*inter alia*, appellant's "half formed"
ideas, in suggesting that his claim for
conscientious objector treatment be denied,
see United States v. Purvis, 403 F.
2d 555, 559 (2d Cir. 1968); United
States v. Gearey, 368 F.2d 144, 148 (2d
Cir. 1966), by the belatedness of appellant's
claim, see United States v. Gearey,
379 F.2d 915, 920–921 (2d Cir.), cert.
denied, 389 U.S. 959, 88 S.Ct. 335, 19
L.Ed.2d 368 (1967), and by appellant's
unconvincing personal appearance before
the local board. Without deciding
whether any of these factors standing
alone would provide the necessary basis
in fact for appellant's classification, we
conclude that their combined effect was
sufficient.

John Somers, New York City (Blumenthal,
Somers & Goldstick, New York
City, on the brief), for defendant-appellant.

**1320**

There were no procedural deficiencies sufficient to amount to lack of due process, although objections such as those made here to the manner in which local boards keep a record of hearings before them will acquire greater significance in the future, now that factual inquiries into the beliefs and sincerity of alleged conscientious objectors will be made primarily at the local board level rather than by the Department of Justice. See, e. g., Reisner, The Conscientious Objector Exemption: Administrative Procedures and Judicial Review, 35 U.Chi.L.Rev. 686, 714–19 (1968); cf. United States v. Purvis, *supra*, 403 F. 2d at 557, 562 n. 20. Finally, Judge Murphy committed no error in excluding at the criminal trial evidence of appellant's sincerity since the question before him was whether appellant's classification by his draft board had a factual basis on the record before it. The Government strenuously argues that, in any event, defendant's failure to exhaust his administrative remedies should bar the defenses raised below and in this court. While the argument is not without merit on this record, it is unnecessary to deal with it.

Judgment affirmed.