UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert Thomas EBEY, Jr., Defendant-
Appellant.

No. 447-69.

United States Court of Appeals,
Tenth Circuit.

April 22, 1970.

Gordon L. Allott, Jr., Asst. U. S. Atty., Denver, Colo. (James L. Treece, U. S. Atty., Denver, Colo., on the brief), for plaintiff-appellee.

Richard D. Law, Denver, Colo., for defendant-appellant.

Before PICKETT, HILL and HICKEY, Circuit Judges.

PICKETT, Circuit Judge.

Appellant, Robert Thomas Ebey, Jr., was convicted on a two-count indictment charging him with failure to keep his local draft board informed of his current address and for failure to comply with an order of the board to report and submit to induction into the Armed Forces of the United States, all in violation of 50 U.S.C.App. 462(a) (Universal Military Training and Service Act). The

principal questions presented upon this appeal are whether the evidence was sufficient: (1) to show a failure to adequately keep the board advised of his whereabouts; or (2) to show a willful failure to comply with the board's order to report for induction.

Ebey registered with the local draft board at Colorado Springs, Colorado on June 1, 1961, where he was then living. A classification questionnaire was sent to him at his Colorado Springs address on June 22, 1964. When this questionnaire was returned Ebey gave his permanent address as Vandenburg Air Force Base, Santa Barbara, California and stated that the person other than a member of his household who would always know his address was C. F. Ebey, Topeka, Kansas (Ebey's grandfather). In 1964 and 1965 Ebey made three requests for duplicate registration cards. The last request on December 27, 1965 gave the return address as 235 E. Bunny, Santa Maria, California. On March 7, 1966, August 29, 1966 and July 19, 1967 the board mailed to Ebey current information questionnaires. Again in 1967 another duplicate registration card was requested, with a statement that the card would be picked up and no new address was furnished.

Ebey was reclassified as I-A on August 1, 1967 and a short time thereafter an order to report for physical examination was mailed to Ebey at the last reported address. This letter was returned unclaimed, but through the efforts of his relatives the order was later delivered. On September 8, 1967 a delinquency notice was mailed to Ebey's East Bunny street address in Santa Maria, and on November 20, 1967 he was ordered to report for induction at Colorado Springs, Colorado on December 1, 1967. These notices were received by Ebey while he was confined in a California jail. He made no response to any of them. He was released from jail on November 30, 1967. He testified that he immediately went to a recruiting officer and tried to enlist in the Armed Forces

of the United States but was advised that under the circumstances he could not then enlist. Ebey stated that the recruiting officer advised him to get in touch with a California board or his local board immediately. This he admits he did not do. The board's executive secretary testified that although remailing was sometimes necessary, the records indicated that all mailings to Ebey were received.

■■ As to the count in the indictment that Ebey failed and neglected to keep his local board informed of his current address, we are satisfied that the evidence is insufficient to show that "there was a deliberate purpose on the part of (Ebey) not to comply with the Selective Service Act or the regulations issued thereunder." Ward v. United States, 344 U.S. 924, 73 S.Ct. 494, 97 L. Ed. 711 (1953). In Bartchy v. United States, 319 U.S. 484, 489, 63 S.Ct. 1206, 1208, 87 L.Ed. 1534, the Supreme Court said that this regulation "is satisfied when the registrant, in good faith, provides a chain of forwarding addresses by which mail, sent to the address which is furnished the board, may be by the registrant reasonably expected to come into his hands in time for compliance." Cf. Venus v. United States, 287 F.2d 304 (9th Cir.1960), rev'd, 368 U.S. 345, 82 S.Ct. 384, 7 L.Ed.2d 341 (1961). Although no chain of forwarding addresses was shown, still, communications mailed to various addresses furnished by Ebey or his family reached him in time for compliance. A registrant is not required to remain at one place or report to the board every move that he makes. The regulation is satisfied if a "good" address is furnished. Cf. Kokotan v. United States, 408 F.2d 1134 (10th Cir. 1969). There is no evidence that there was a lack of good faith on the part of Ebey in failing to keep the board constantly advised of his whereabouts.

■ Ebey next contends that his conviction for failure to report should be set aside because when he received the

notice he was confined in a California jail and was not released in time to comply with the order. We do not agree with the argument that the evidence is insufficient to show criminal intent. Ebey received the order in ample time to advise the board of the circumstances of his confinement. He was permitted to write one letter a day during confinement. Admittedly, after his release from jail he made no effort to advise the board of his whereabouts or that it was impossible for him to report and submit to induction at the time and place designated in the order. He made no attempt thereafter to report to the board prior to his arrest February 13, 1968. Furthermore, he ignored an order to appear for a physical examination and a notice of delinquency received several weeks prior to the notice to report for induction.

■■ Generally, the issue of criminal intent is a factual question peculiarly within the province of the jury. Van Nattan v. United States, 357 F.2d 161 (10th Cir.1966). It is seldom provable by direct evidence but may be inferred from all the facts and circumstances of a case which reasonably tends to show a mental attitude. Cummings v. United States, 289 F.2d 904 (10th Cir.1961), cert. denied, 368 U.S. 850, 82 S.Ct. 83, 7 L.Ed.2d 48 (1961); Estep v. United States, 140 F.2d 40 (10th Cir.1943); United States v. Back, 409 F.2d 1318 (2d Cir.1969); Smith v. United States, 391 F.2d 543 (8th Cir.1968), cert. denied, 393 U.S. 874, 89 S.Ct. 168, 21 L.Ed.2d 145 (1968). Viewing the evidence in the light most favorable to the prosecution together with the inferences which may be fairly drawn therefrom, we conclude that the question of Ebey's intent in failing to report for induction was for the jury to resolve. The conviction on the count charging Ebey with failure to keep the board adequately advised as to his whereabouts is reversed. Otherwise, the judgment and sentence is affirmed.