**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Allen W. HOBBS, Defendant-Appellant.**

**No. 71–1054.**

United States Court of Appeals, Tenth Circuit.

Nov. 19, 1971.

---

Michael P. Watkins, Asst. U. S. Atty. (Victor R. Ortega, U. S. Atty., and John A. Babington, Asst. U. S. Atty., on the brief), for plaintiff-appellee.

Jonathan B. Sutin, of Sutin, Thayer & Browne, Albuquerque, N. M., for defendant-appellant.

Before BREITENSTEIN and McWILLIAMS, Circuit Judges, and KERR, District Judge.

McWILLIAMS, Circuit Judge.

This is a selective service case wherein Hobbs seeks reversal of a judgment and sentence entered by the trial court on the verdict of a jury finding Hobbs guilty of wilfully and knowingly failing to report for and submit to an armed forces physical examination in violation of 50 U.S.C. App. § 462. Hobbs contends that the judgment and sentence should be reversed for the reason that (1) the Military Selective Service Act of 1967 is unconstitutional and (2) the instruction given by the trial court defining "wilfully and knowingly" was improper.

The Government initially argues that for procedural reasons the matters here sought to be raised by Hobbs are outside the scope of the appeal. Be that as it may, we elect to dispose of this controversy on its merits.

As indicated, then, Hobbs has made an all-inclusive attack on the constitutionality of the statute under which he was prosecuted and contends that the Military Selective Service Act of 1967 is unconstitutional on a wide variety of grounds, including the following: The framers of the Constitution did not intend to grant Congress the power to conscript; compulsory military service is such a severe deprivation of individual liberty that the Government is not permitted to use such to achieve even a legitimate purpose when that purpose could be satisfied through a less onerous means than compulsory draft; and the draft law amounts to involuntary servitude, constitutes a taking of property for public use without just compensation, and discriminates in diverse ways, and in particular discriminates against persons motivated by moral and ethical beliefs, as opposed to religious beliefs.

Counsel concedes that the constitutionality of congressional military conscription has been upheld by the courts in a myriad of cases. See, for example, Selective Draft Law Cases [Arver v. United States], 245 U.S. 366, 38 S.Ct. 159, 62 L.Ed. 349 (1918); United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417 (1953); United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968); Loewing v. United States, 392 F.2d 218 (10th Cir. 1968), cert. denied, 393 U.S. 878, 89 S.Ct. 177, 21 L.Ed. 2d 150 (1968); United States v. Diaz, 427 F.2d 636 (1st Cir. 1970); United States v. Crocker, 420 F.2d 307 (8th Cir. 1970), cert. denied, 397 U.S. 1011, 90 S.Ct. 1240, 25 L.Ed.2d 424 (1970); and Etcheverry v. United States, 320 F.2d 873 (9th Cir. 1963), cert. denied, 375 U.S. 930, 84 S.Ct. 331, 11 L.Ed.2d 263 (1963).

■ Recognizing that the overwhelming weight of authority is contrary to his position, counsel candidly asks this court to re-examine the whole concept of congressional military conscription and in effect "overrule" by ignoring, for example, the United States Supreme Court pronouncement in the Selective Draft Law Cases, *supra*, on the ground that such cases were incorrectly decided. This we may with propriety do, asserts counsel, because this court in the instant case is more fully informed than was the United States Supreme Court in the Selective Draft Law Cases as to the historical setting in which the Constitution was framed and ratified. We reject the invitation of counsel to thus "overrule" the United States Supreme Court. Under the authorities above cited, we conclude that the statute under which Hobbs was convicted is constitutional and not subject to any of the constitutional infirmities perceived by counsel. In view of the considerable body of law already existing on this subject, we see no good reason for replowing the same ground and hence will not discuss seriatim the numerous grounds urged here by counsel as to why the statute in question is unconstitutional.

■ An additional ground for reversal concerns the instructions given and refused on the issue of wilfulness and knowledge. The jury was instructed over objection to the effect that a good faith belief that the selective service law was unconstitutional was not an excuse for failing to report for a physical examination and did not negate wilfulness. Counsel offered several instructions which were refused by the trial court to the effect that if Hobbs failed to report for his physical examination because of deeply held moral, ethical or religious beliefs, then the jury should find him not guilty.

We find no error in the instruction given concerning the matter of wilfulness, nor in the trial court's refusal to give the instructions tendered by Hobbs on this subject. See, in this regard, United States v. Boardman, 419 F.2d 110 (1st Cir. 1969), cert. denied, 397 U.S. 991, 90 S.Ct. 1124, 25 L.Ed.2d 398 (1970), where an attack was made on the instructions given by the trial court bearing on the issue of wilfulness in a criminal prosecution for failure to report for civilian work in the national interest. In that case "motive" and "intent" were distinguished, and the court rejected the argument that a good faith belief in the unconstitutionality of Government action excused otherwise criminal conduct and held that evidence as to the defendant's political and social beliefs did not bear on whether he knowingly and deliberately failed to report for alternate service. We concur in the rationale of *Boardman*.

Judgment affirmed.