**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James BOOTH, Jr., Defendant-Appellant.**

**No. 71–1510.**

United States Court of Appeals,
Sixth Circuit.

Jan. 31, 1972.

Howard Moore, Jr. (Court Appointed), Atlanta, Ga., for appellant.

Larry E. Parrish, Asst. U. S. Atty., Memphis, Tenn., Thomas F. Turley, Jr., U. S. Atty., Memphis, Tenn., on brief, for appellee.

Before CELEBREZZE, PECK and MILLER, Circuit Judges.

CELEBREZZE, Circuit Judge.

This is an appeal from Defendant-Appellant Booth's conviction after a jury trial for making a false statement to his local Selective Service Board and for failing to keep his local board informed of his current address. For the reasons set forth below, we affirm the judgment of the District Court.

Appellant's conviction arose out of facts relating to a notice of reclassification from 4–F to 1–A, which Local Board No. 84 mailed to Appellant's mother's address in Memphis, Tennessee, on December 12, 1967. On or about January 8, 1968, the notice was returned

to the local board with the following notation appearing on the face of the unopened envelope:

"No one here by that name. Forward to, School of Marxist Studies, Montreal, Quebec, Canada."

The envelope bore a Montreal postmark, revealing that delivery had been attempted at the address indicated.

The local board thereafter mailed the notice in a new envelope to an Acklen Street address of Appellant's cousin in Nashville, Tennessee, which had been provided by the F.B.I. This envelope was returned unopened with the following notation on its face: "Wrong address, Karl Marxist Student, Canada." The local board then mailed the notice to a dormitory on the campus of Tennessee State A & I University in Nashville, where Appellant had previously received mail when he was a student at that University. The notice was returned after two days marked "unclaimed."

The notice was once again mailed to the Memphis address of Appellant's mother on January 19, 1968. In a subsequent telephone call by the Clerk of the local board, Appellant's mother informed the Clerk that she did not know where Appellant could be located and that she was holding his mail for him.

On March 19, 1968, the F.B.I. located Appellant at a Nashville address where he was then living. In response to the F.B.I.'s instructions, Appellant wrote to his local board on March 20, 1968, informing them of his current Nashville address. On May 1, 1968, the local board sent Appellant a notice to report for induction. Appellant failed to report, and he was subsequently indicted for failing to keep his local board informed of his current address on or about May 1, 1968, and for failure to report for induction. On January 5 and 6, 1970, Appellant was tried without a jury and acquitted on both of these counts before the Honorable Bailey Brown, United States District Court for the Western District of Tennessee, Western Division. At this January 1970 trial,

Appellant testified that he did not know who had written the notes referring to the School of Marxist Studies in Montreal on the envelopes containing the notice of reclassification.

After his acquittal in the January 1970 trial, the Government submitted the envelopes which had been returned to the local board with notations thereon to a questioned documents examiner and a fingerprint expert. The documents examiner concluded that some of the writing on the envelopes was Appellant's, and the fingerprint expert identified Appellant's latent finger and palm prints on the envelopes. As a result of these findings, Appellant was indicted on the following three counts which are the basis of the present appeal: (I) perjury in his testimony at the January 1970 trial that he did not know who had written the note referring to the Marxist School on the envelope sent by the local board on December 12, 1967, in violation of 18 U.S.C. § 1621; (II) wilfully and knowingly making a false, fictitious statement and representation to his local board on or about January 8, 1968, to the effect that he no longer resided or received mail at his mother's Memphis address, by writing the note "No one here by that name. Forward to, School of Marxist Study, Montreal, Quebec, Canada" on the envelope containing the December 12, 1967, reclassification notice and sent to Appellant's mother's Memphis address, in violation of 18 U. S.C. § 1001; and (III) wilfully and knowingly failing to keep his local board informed of his current address on or about January 8, 1968, in violation of 50 U.S.C.App. § 462(a) and the regulations thereunder. Appellant's jury trial under this indictment commenced on December 7, 1970, in the United States District Court for the Western District of Tennessee, Western Division, Hon. Robert M. McRae, Jr., presiding and on December 11 and 15, 1970, the jury returned verdicts of not guilty on count I and guilty on counts II and III. Appellant's motions for arrest of judgment, new trial, and acquittal were denied, and the

District Court sentenced Appellant to two years probation on each of counts II and III, the sentences to run concurrently.

On appeal, Appellant asserts that his conviction must be reversed because (1) the jury verdicts of not guilty on count I and guilty on counts II and III are fatally inconsistent, and (2) there was insufficient evidence to sustain the verdict of guilty under count III.

With respect to the asserted conflict between the verdict of not guilty on count I and guilty on counts II and III, this Court has consistently held that an apparent inconsistency in a jury's guilty and not guilty verdicts on a multi-count or multi-party indictment does not invalidate the verdicts. United States v. Bevins, 430 F.2d 601, 602–603 (6th Cir. 1970); United States v. Shipp, 359 F.2d 185, 189 (6th Cir. 1966); United States v. McGee, 315 F.2d 479, 481 (6th Cir. 1963); Conley v. United States, 257 F.2d 141, 144 (6th Cir. 1958). *See also* Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932); Steckler v. United States, 7 F.2d 59, 60 (2d Cir. 1925). This rule is particularly applicable to the alleged inconsistency between the jury's verdict of not guilty on the perjury charge in count I and the guilty verdicts under counts II and III in the present case. There is a "unique and stringent burden of proof" which must be borne by the prosecution in perjury charges, United States v. Johnson, 414 F.2d 22, 25 (6th Cir. 1969), Spaeth v. United States, 232 F.2d 776, 777 (6th Cir. 1956), including the requirements that the falsity of the defendant's testimony be supported by at least two witnesses or one witness corroborated by independent circumstances, Weiler v. United States, 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495 (1945), and that the defendant's intent to testify falsely be clearly proven. *See* United States v. Osborn, 415 F.2d 1021, 1026 (6th Cir. 1969); United States v. Wall, 371 F.2d 398, 400 (6th Cir. 1967). It therefore cannot be said that the jury's failure to find Appellant guilty of perjury under count I in any way affects the validity of the verdicts under counts II and III.

Appellant further argues, however, that the guilty verdicts on both counts II and III are themselves manifestly irreconcilable, relying on Thomas v. United States, 314 F.2d 936 (5th Cir. 1963). In *Thomas*, the defendant was found guilty on count I, charging the smuggling of marihuana into the United States, as well as count II, charging the transportation and concealment of marihuana within the United States without having paid a transfer tax. Ruling that the conviction under count I was necessarily predicated on the conclusive evidence that the defendant had acquired the single shipment of marihuana in Mexico, whereas count II was predicated on the defendant's having obtained the marihuana within the United States, the Court of Appeals reversed the conviction under count II.

We find no such inherent conflict between Appellant's convictions under both count II and count III in the present case. Count II charged Appellant with having written the false statement "No one here by that name. Forward to, School of Marxist Study, Montreal, Quebec, Canada" on the December 12, 1967, notice of reclassification, in violation of 18 U.S.C. § 1001. Count III rested on Appellant's failure to fulfill a duty under 50 U.S.C. App. § 462(a) and the regulations thereunder. Those regulations require the following of a selective service registrant:

"It shall be the duty of each registrant to keep his local board advised at all times of the address where mail will reach him." 32 CFR § 1641.3.

"It shall be the duty of each classified registrant to keep his local board currently informed of his . . . home address. . . . Every classified registrant shall, within 10 days after it occurs, report every change . . . in home address. . . ." 32 CFR § 1641.7(a).

We find no merit in Appellant's claim that count II was predicated on Appel-

lant's receipt of the reclassification notice at his mother's Memphis address and that the guilty verdict under count II therefore required a finding that he had complied with the requirement that he provide the local board with an address where he could be "reached" under 32 CFR § 1641.3. Although 50 U.S.C. App. § 462(a), and its predecessor provisions do not require that a registrant inform the local board of his every move or temporary address, *see* Bartchy v. United States, 319 U.S. 484, 488, 63 S. Ct. 1206, 87 L.Ed. 1534 (1943); United States v. Ebey, 424 F.2d 376, 377 (10th Cir. 1970), the statute and regulations certainly required Appellant to provide his local board with something more than an address from which the board's communications would be returned unclaimed and unopened. *See* United States v. Read, 443 F.2d 842 (5th Cir. 1971); Kokotan v. United States, 408 F.2d 1134 (10th Cir. 1969) (affirming convictions for failure to keep local board informed of current address, where board's communications sent to the address where registrant indicated that he could always be reached were returned to the board unclaimed and unopened). We thus find that the jury's determination that Appellant received the reclassification notice so as to write the statement charged in count II in no way precluded the determination under count III that Appellant had failed to provide his local board with a current address where he could be reached.

■ We similarly find no merit in Appellant's claim that there was insufficient evidence to support the jury's verdict under count III. In Bartchy v. United States, *supra*, the Supreme Court set forth the following standard for compliance with § 11 of the earlier Selective Training and Service Act and the regulations thereunder:

"the regulation, it seems to us, is satisfied when the registrant, in good faith, provides a chain of forwarding addresses by which mail, sent to the address which is furnished the board, may be by the registrant reasonably expected to come into his hands in time for compliance.

The District Court and the Court of Appeals concluded that the petitioner had not shown diligence in keeping the board advised of his whereabouts and had affirmatively endeavored to avoid delivery of the communication. We do not think either of these inferences is justified by the record." 319 U.S. at 489, 63 S.Ct. at 1208.

*See also* United States v. Ebey, *supra*, 424 F.2d at 377 (applying the *Bartchy* test under 50 U.S.C.App. § 462(a) and similarly finding no evidence of the registrant's lack of good faith). In the present case, it is undisputed that Appellant's local board sent the December 12, 1967, reclassification notice to three different addresses where it believed Appellant might be found. From each of these addresses the notice was returned unclaimed and unopened. The notice was finally sent to Appellant's mother's address a second time—the address at which Appellant had indicated he could always receive mail—and a subsequent telephone conversation with Appellant's mother disclosed that she did not know where Appellant could be located and that she was holding his mail. Moreover, evidence of bad faith and an affirmative endeavor to avoid delivery of the notice—which the Supreme Court found to be lacking in the *Bartchy* case—was supplied by the testimony of the questioned documents examiner, who positively concluded that Appellant had written the note appearing on the reclassification envelope. This series of attempted communications, accompanied by the evidence that Appellant had himself written the note on the envelope which was returned to the board, afforded ample evidence upon which the jury could conclude that on or about January 8, 1968, Appellant had wilfully and knowingly failed to provide his local board with a current address where he could be reached. *See* Gretter v. United States, 422 F.2d 315, 318 (10th Cir. 1970); United States v. Read, *supra*, 443 F.2d at 844. *Compare* United

States v. Ebey, *supra*, 424 F.2d at 377; Venus v. United States, 287 F.2d 304, 311 (9th Cir. 1960), rev'd, 368 U.S. 345, 82 S.Ct. 384, 7 L.Ed.2d 341 (1961); Ward v. United States, 195 F.2d 441 (5th Cir. 1952), rev'd 344 U.S. 924, 73 S.Ct. 494, 97 L.Ed. 711 (1953).

The judgment of the District Court is therefore affirmed.