**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Danny Craig ARCHER, Defendant-
Appellant.**

**No. 71–1167.**

United States Court of Appeals,
Tenth Circuit.

Feb. 14, 1972.

■■■■■■

———◆———

Richard J. Spelts, Asst. U. S. Atty. (James L. Treece, U. S. Atty., on the brief), for plaintiff-appellee.

Harris D. Sherman, of Sherman, Quinn & Sherman, Denver, Colo., for defendant-appellant.

Before HAMLEY,* SETH and Mc-WILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

In a trial to the court Danny Craig Archer was found guilty of a violation of the Selective Service Act of 1967. 50 App. U.S.C. § 462(a). The specific charge was that

"* * * from on or about the 7th day of July 1970, and continuing to the date of filing of this indictment [the indictment was filed October 6, 1970] * * * DANNY CRAIG ARCHER, wilfully and knowingly did fail and neglect to perform a duty required of him under and in execution of the Military Selective Service Act of 1967, and the rules, regulations and directions duly promulgated thereunder, in that he did fail and neglect to comply with an order of his local board to report for and submit to induction into the Armed Forces * * *."

It is conceded that on June 16, 1970, an order was mailed Archer setting an induction date of July 7, 1970, and that such order was duly received by Archer. It is also admitted that Archer did not appear for induction on the appointed date. Archer, however, did appear for induction on July 8, 1970, on crutches as the result of a bullet wound in the left fourth toe. The fact that Archer did appear one day late, ostensibly for purposes of induction into the Armed Forces, is the root of the present controversy.

■ Archer first argues that the evidence does not support the charge, pointing out that he was charged with failing to report for induction on July 7, 1970, and "continuing to the date of the filing of the indictment"; whereas, the evidence showed that he did appear for induction on July 8, 1970. The Government's position on this matter is that the allegation "continuing to the date of the filing of the indictment" is surplusage and that the gravamen of the charge is that Archer wilfully and knowingly failed to appear for induction on July 7, 1970. We agree with the Government.

■■ Mere surplusage in an indictment may be disregarded and such disregard does not render the indictment invalid if sufficient remains to charge a crime. Bary v. United States, 292 F.2d 53 (10th Cir. 1961). It is not essential that everything in an indictment be proved. It is only necessary to prove so much thereof as establishes, *prima facie*, that there has been a violation of the statute involved. Gambill v. United States, 276 F.2d 180 (6th Cir. 1960).

■ We deem the essential elements of the present charge to be: (1) That Archer was ordered to report for induction on July 7, 1970, at 6:30 A.M.; (2) that Archer received said order; (3) that Archer failed to comply with the order to report; and, (4) that he did so wilfully and knowingly. In a somewhat analogous situation, it was held in United States v. Tucker, 374 F.2d 731 (7th Cir. 1967), that the only essential elements of the charge there under consideration were whether the Board ordered the defendant to report for civilian work, whether the defendant received notice of the order, and whether he reported as ordered. *See also* Williams v. United States, 203 F.2d 85 (9th Cir. 1953), cert. denied, 345 U.S. 1003, 73 S. Ct. 1149, 97 L.Ed. 1408 (1953), where it was held that proof that one "wilfully stayed away from the induction center with full knowledge of the order was

———

* Of the Ninth Circuit, sitting by designation.

sufficient." The fact that Archer appeared at the induction station on July 8, 1970, is admissible evidence bearing on the issue of his wilfulness in failing to report on July 7, 1970, but does not ipso facto preclude a conviction for wilfully failing to report for induction on July 7, 1970.

Concerning the issue of wilfulness, the trial court found, inter alia, that Archer *wilfully* failed to report for induction on July 7, 1970, and Archer contends on appeal that there is insufficient evidence to support such finding. We deem the issue of wilfulness and knowledge to be an issue of fact and we find ample evidence in the record to support the trial court's resolution of the matter. United States v. Keine, 424 F. 2d 39 (10th Cir. 1970), cert. denied, 400 U.S. 840, 91 S.Ct. 81, 27 L.Ed.2d 75 (1970), and Kidd v. United States, 386 F.2d 422 (10th Cir. 1960).

Archer's selective service record revealed that on two prior occasions he had been ordered to report for induction. On the first occasion he failed to report as ordered, but this failure was excused when it was later learned he had voluntarily committed himself to a mental hospital for treatment of possible drug addiction. Archer stayed only three days in this institution. Archer's second notice to report was canceled when Archer wrote the local board a letter further outlining his drug problem.

Archer's excuse for failing to report for induction on July 7, 1970, at 6:30 A.M., was that on the evening of July 6, 1970, he attended a farewell party given him by some friends and that around midnight he took a single mescaline tablet. Thereafter, Archer and one of his friends drove around all night and Archer said that actually he arrived at the induction center on July 7, 1970, at 5:00 A.M. According to Archer, however, he thought he was in no condition either physically or mentally to submit to induction, and he went on home.

The evidence further showed that sometime around noon on July 7, 1970, Archer shot himself in the left fourth toe. Archer gave several versions of how the shooting occurred, but on trial testified that he was intending to give his single shot .22 rifle to his friend, and that in so doing he somehow pointed the gun at his foot and the weapon accidentally fired. In a statement to the selective service officials Archer stated that the shooting was as far as he was concerned an accident; that he was just "fooling around"; that he had been taking drugs and added that "under normal circumstances, I don't think I would have the nerve to shoot myself." In sum, the issue of a *wilful* and *knowing* failure to report for induction on July 7, 1970, at 6:30 A.M., was an issue of fact and the trial court's finding that there was such a failure to report is supported by the record.

Archer also claims that his conviction should be reversed because his selective service file contained a letter from a doctor at the mental hospital where he had previously committed himself for three days. This letter was the result of a request by the local board that Archer get a letter from his doctor and the letter was then written upon Archer's request for the same. Under such circumstances we find no error. Brandon v. United States, 381 F.2d 727 (10th Cir. 1967).

Archer's final contention is that under selective service rules and regulations the local board prematurely referred his case to the United States Attorney for prosecution. This argument is without merit too.

Judgment affirmed.