**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roger Pete MEDINA, Defendant-
Appellant.**

No. 72–1198.

United States Court of Appeals,
Tenth Circuit.

July 7, 1972.

Ronald F. Flader, Denver, Colo., on brief, for defendant-appellant.

James L. Treece, U. S. Atty., and William K. Hickey, Asst. U. S. Atty., on brief, for plaintiff-appellee.

Before HILL, BARRETT and DOYLE, Circuit Judges.

PER CURIAM.

Roger Pete Medina, the appellant, was convicted by a jury of a violation of 50 App. U.S.C. § 462(a), the failure and neglect to report and submit to induction into the armed forces of the United States. He was sentenced and appeals contending that the evidence of "knowingly" and "wilfully" failing to report and submit was insufficient, and that the trial court erred in excluding evidence of his efforts to join the United States Army. We affirm.

The pertinent background facts begin with Medina's registration with the Selective Service in 1967, and his being placed on probation in 1968 as a result of a subsequent forgery conviction. The local board was unsuccessful in locating him until September 20, 1970, when they were informed that he had been released on parole from the Colorado State Penitentiary on August 23, 1970, where he apparently had been confined for violation of probation.

On December 22, 1970, the local board mailed Medina an order to report for induction on January 11, 1971. This notice was promptly received by Medina as he acknowledges. He testified that he felt he would not be inducted because of his parole status, and claims that he visited the local board approximately three days prior to January 11, 1971, where he advised a clerk of the parole. He was instructed to nevertheless appear on January 11 and explain the situation at that time. He did not appear.

Sometime thereafter Medina was again returned to the penitentiary as a parole violator until September of 1971. On September 14, 1971, Medina was arrested on a criminal complaint filed charging violation of the statute in issue and he was released on bond. The information was filed on September 24, 1971, and sometime around that date (or later) Medina visited an Army recruiter intending to join the military service, culminating in a physical examination and a mental aptitude test taken on October 1, 1971.

■ There was sufficient testimony by Medina and a recruiter of Medina's attempt to join the service and, when the dates were established showing that these efforts were made after his arrest, the court sustained the prosecution's objection to further testimony on the matter. We agree with the trial court that evidence of an attempt to join the service made subsequent to the date of the filing of the criminal charge should be excluded. Medina's reliance on Graves v. United States, 252 F.2d 878 (9th Cir. 1958) is misplaced since in that case evidence of Graves' actions after his failure to report was relevant to his claim that he had not received any notice to report. See also Palmer v. United States, 401 F.2d 226 (9th Cir. 1968). United States v. Archer, 455 F. 2d 193 (10th Cir. 1972) is distinguishable since evidence of Archer's appearance at the induction station with crutches the day after he was scheduled to report for induction had some bearing on the issue of his wilfulness in failing to report the prior date. In United States v. Ebey, 424 F.2d 376 (10th Cir. 1970) the defendant testified of his attempt to enlist but that attempt was months prior to his arrest. Testimony of Medina's efforts eight months after his failure to report and after he had been charged and arrested for such failure was properly excluded.

The second issue in this appeal is the contention that the prosecution failed to prove that he "knowingly" and "wilfully" failed to report and submit to induc-

tion. Again we cannot agree with the contention.

In United States v. Ebey, supra, we held that:

"Generally, the issue of criminal intent is a factual question peculiarly within the province of the jury. Van Nattan v. United States, 357 F.2d 161 (10th Cir. 1966). It is seldom provable by direct evidence but may be inferred from all the facts and circumstances of a case which reasonably tends to show a mental attitude. [Citations omitted.]" 424 F.2d at 378.

Similarly, in United States v. Mecham, 422 F.2d 838 (10th Cir. 1970) we held that:

"[t]he issue of criminal intent or guilty knowledge is usually a question of fact for the jury to determine, for it is seldom susceptible of proof by direct evidence."

Accord, United States v. Tasher, 453 F. 2d 244 (10th Cir. 1972).

■ The essential elements of the present charge are: (1) That Medina was ordered to report for induction on January 11, 1971; (2) that Medina received said order; (3) that Medina failed to comply with the order to report; and (4) that he did so wilfully and knowingly. United States v. Archer, supra, 455 F.2d at 194. The first three elements are conceded and we are only concerned with the fourth. The thrust of the argument is that Medina in good faith believed that he would not be inducted because he was on parole and attempted to join the military service as soon as he was reasonably able after his release from confinement. This is not a valid defense. See Nickerson v. United States, 391 F.2d 760 (10th Cir. 1968), cert. denied 392 U.S. 907, 88 S.Ct. 2061, 20 L.Ed.2d 1366, and Doty v. United States, 218 F.2d 93 (8th Cir. 1955). See also United States v. Hobbs, 450 F.2d 935 (10th Cir. 1971).

■ From Medina's testimony alone he claims that he visited with the local board prior to the date for induction

and was advised to appear on the scheduled date. Had he appeared as ordered, and advised, his good faith argument would be more convincing. The jury chose to believe that he wilfully and knowingly failed to report. There is ample evidence in the record to support the jury's resolution of the factual issue of wilfulness and knowledge. Medina was aware of his duty and deliberately failed to perform it. See United States v. Koehn, 457 F.2d 1332 (10th Cir. 1972) and United States v. Williams, 421 F.2d 600 (10th Cir. 1970).

Affirmed.