**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Willis Charles JACKSON, Defendant-
Appellant.**

**No. 72-1434.**

United States Court of Appeals,
Ninth Circuit.

Oct. 16, 1972.

Martha Goldin (argued), Alan Saltz-
man, Hollywood, Cal., for defendant-ap-
pellant.

William John Rathje, Asst. U. S. Atty.
(argued); Eric A. Nobles, Asst. U.
S. Atty., William D. Keller, U. S. Atty.,
Los Angeles, Cal., for plaintiff-appellee.

Before ELY and GOODWIN, Circuit
Judges, and ENRIGHT,* District Judge.

PER CURIAM:

In a two-count indictment, Jackson
was charged with two violations of the
Selective Service Act of 1967. One of
the charges was that he had refused to
be inducted into the armed forces, and
of this he was acquitted. He was, how-
ever, convicted of a charge alleging, in
effect, that he had failed to keep his Se-
lective Service Board aware of his mail-
ing address "from on or about Novem-
ber 6, 1969, to on or about November 13,

---

* Honorable William B. Enright, United States District Judge, San Diego, California, sitting
by designation.

1969 . . . ." The indictment on this particular charge was based on 50 U.S. C. App. § 465(b), which imposes upon a Selective Service registrant the duty "to keep his local board informed as to his current address . . . ." and 32 C.F. R. § 1641.3 which, in pertinent part, provides, "It shall be the duty of each registrant to keep his local board advised of the address at all times where mail will reach him . . . ."

 Jackson had lived, with his wife, at the home of the wife's mother. The address of this home was 466 Jackson Street, Pasadena, California, and this was the address that Jackson had supplied to his local board. In the latter part of 1969, marital difficulties developed between Jackson and his wife. Jackson left the Jackson Street address and went to the State of Washington. He did not supply his local board with a different mailing address where mail might reach him during the approximate one-week period specified in the indictment. On November 13, 1969, the Board mailed a communication to Jackson, addressing it to the Jackson Street address. It was returned to the Board marked "Moved, not forwardable." A week before, on November 6, 1969, the Board had sent a letter to Jackson at the Jackson Street address, and this letter had been returned to the Board with the marking, "Moved, left no address." The markings on the two envelopes were admitted over objections. This was error, since portions of the markings were manifest hearsay, and no foundation had been laid for their introduction.

We have concluded, in the circumstances, that the prosecution's evidence was insufficient to justify the court's determination, beyond a reasonable doubt, that during the one-week period in question, "there was deliberate purpose on the part of [the appellant] not to comply with the Selective Service Act or the regulation issued thereunder." Ward v. United States, 344 U.S. 924, 73 S.Ct. 494, 97 L.Ed. 711 (1953).

In Bartchy v. United States, 319 U.S. 484 at 489, 63 S.Ct. 1206 at 1208, 87 L. Ed. 1534 (1943), the Supreme Court wrote:

"The regulation, it seems to us, is satisfied when a registrant, in good faith, provides a chain of forwarding addresses by which mail, sent to the address which is furnished the board, may be by the registrant reasonably expected to come into his hands in time for compliance."

*See also,* United States v. Ebey, 424 F. 2d 376 (10th Cir. 1970).

The judgment of conviction is vacated, and, upon remand, the indictment will be dismissed.

Reversed, with directions.