UNITED STATES of America, Plaintiff-Appellee,

v.

Stephen Dale HANSON, Defendant-Appellant.

No. 72-1739.

United States Court of Appeals, Ninth Circuit.

Nov. 10, 1972.

Jerry E. Berg (argued), Palo Alto, Cal., for defendant-appellant.

Robert E. Carey, Jr., Asst. U. S. Atty. (argued), F. Steele Langford, Joseph E. Reeves, Asst. U. S. Attys., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before HUFSTEDLER and CHOY, Circuit Judges, and SMITH,* District Judge.

PER CURIAM:

Defendant was convicted of violating 50 U.S.C. App. § 462(a) by refusing to submit to induction. Defendant, following his registration, was given a pre-induction physical examination and found fit. He did not agree with this finding and when ordered to report for induction brought with him X rays which he claimed showed him to be unfit. The medical examiner at the induction station did not agree with him. Defendant, dissatisfied with the way in which he had been examined and the results of the examination, took his file and a previously prepared letter to the front desk which, in defendant's words, was "very busy," and handed his papers to "somebody in uniform," waited "a minute or so," and then left the induction station. The letter stated a desire to appeal on the ground that defendant had not been granted a fair physical examination.

Defendant now claims that there was no proof of intent and that he was not advised of the consequences of his refusal to be inducted as required (A.R. 601–270, Chapter 3, § vi, pp. 3–31). *See* United States v. Gearhart, 456 F.2d 1312 (9th Cir. 1972); Chernekoff v. United States, 219 F.2d 721 (9th Cir. 1955).

The trial court found, and the evidence compels the finding, that defendant went to the induction station with the intention not to submit to induction if he was found to be physically qualified. A defendant in a draft evasion case who deliberately and intentionally does acts which constitute the evasion does not lack the criminal intent because in his mind he is justified in doing those acts. The Selective Service Act does not vest in a registrant the power to decide questions which arise as to his own eligibility for and his own exemption from the draft. *See* United States v. Shunk, 438 F.2d 1204 (9th Cir. 1971); Smith v. United States, 391 F.2d 543 (8th Cir. 1968).

The claim that defendant's rights were violated because he was not advised of the consequences of his refusal to submit to induction cannot be sustained. Defendant knew that he did not intend to be inducted. He did not make that intention known. He cannot now capitalize on the fact that he was not advised when he gave no one a fair opportunity to advise him.

Affirmed.

* The Honorable Russell E. Smith, Chief Judge of the United States District Court for the District of Montana, sitting by designation.